IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff/Respondent, | ) |
| | ) |
| v. | )    Criminal Case No. CR-12-35-RAW |
| | ) |
| JOHN JAMES WILLIAMS, | ) |
| | ) |
|     Defendant/Movant. | ) |

## ORDER

Now before the court is the *pro se* motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) ("motion") filed by Defendant John James Williams ("Defendant"). [Doc. 23]. The Government filed an objection to the motion. [Doc. 26]. Defendant did not file a reply. Defendant, however, filed a "Declaration," a supplement to his motion, and a second motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A). [Docs. 27, 28, and 32]. The Government filed an objection, and recent medical records from the Bureau of Prisons ("BOP") were attached thereto. [Doc. 39]. Defendant then submitted letters to the court. [Docs. 40 and 41]. This matter is ripe for ruling.

Defendant is a 64-year-old prisoner at FMC Fort Worth, a BOP facility in Texas.[1] His projected release date is January 10, 2027. Defendant seeks compassionate release based upon his medical conditions. He initially claimed that his health was failing, that he was "wheelchair bound due to a stroke," and that he does not breathe very well. [Doc. 23 at 5]. More recently, he claims he is in "really really bad health" and dying. [Doc. 28 at 5]. His health problems include ASCVD-cardiovascular disease, knee pain, hyperlipidemia, essential (primary) hypertension, peripheral vascular disease, asthma, and GERD. [Doc. 23-1 at 5-6]. Defendant does not assert COVID-related arguments, and he claims he has exhausted his administrative remedies. [Doc. 23 at 3; Doc. 32 at 3]. Defendant at one point indicated that if he was released, he wanted "to go home back to New Hampshire so [he] can live in the woods there." [Doc. 28 at 6]. Most recently,

---

[1]    *See* BOP inmate locator, https://www.bop.gov/inmateloc/ (last visited December 6, 2024).

however, Defendant plans "to live at the Motel 6 in Muskogee, Oklahoma, and apply for SSDI benefits with Medicare and Medicaid." [Doc. 32 at 6]. Defendant seeks appointment of counsel. [Doc. 23 at 6; Doc. 32 at 7].

The First Step Act, effective December 21, 2018, amended 18 U.S.C. § 3582(c)(1)(A) to authorize a defendant to move the sentencing court for a sentence reduction for "extraordinary and compelling reasons."[2] *See* First Step Act of 2018, Pub. L. No. 115-391 § 603(b), 132 Stat. 5194, 5239 (2018). In the case at hand, the Government agrees that Defendant has exhausted his administrative remedies as to his first motion.[3] [Doc. 26 at 3]. The Government, however, argues that a reduction in sentence is not warranted. The Government points to Defendant's medical records, contending that the BOP has provided reasonable and responsive care for his medical conditions. [Doc. 26 at 6; Doc. 39 at 5]. The Government notes, in part, that "[w]hile his health summary indicates he has a number of health issues, he does not appear to have any condition which could be viewed as terminal." *Id*. In addition, the Government contends that Defendant's release would endanger the community, alleging as follows:

> While the facts underlying his crimes in Seminole and Muskogee counties are not reflected in the public record available online, the propensity for this Defendant to reoffend is plain. His history of child sexual abuse stretches back to at least 2001. He simply seems unable or unwilling to conform his behavior to the lawful orders of the judicial system and societal norms. After he was released from his Seminole County crimes, he left the state and did not comply with his sex offender registration responsibilities. When he arrived back in Oklahoma under the supervision of this Court, he committed additional sexual crimes against children in Muskogee County.

[Doc. 26 at 8; Doc. 39 at 6-7]. Furthermore, the Government argues that the factors under 18 U.S.C. § 3553(a) "do not support Defendant's request for premature, permanent release." [Doc. 26 at 9; Doc. 39 at 8].

---

[2] Prior to the First Step Act, a motion for compassionate release could only be brought by the Director of the Bureau of Prisons.

[3] The Government agrees that Defendant exhausted his administrative remedies prior to filing his first § 3582 motion, but now claims Defendant "has provided no detail supporting the existence of a second request or denial regarding his second motion." [Doc. 26 at 3; Doc. 39 at 4]. Defendant, however, is seeking compassionate release in both § 3582 motions based upon his medical conditions. The court is not persuaded that Defendant must again exhaust his administrative remedies prior to filing the second motion with the court.

18 U.S.C. § 3582(c)(1)(A) authorizes this court to modify a term of imprisonment, upon a motion filed by a defendant, after the defendant has complied with the statute's exhaustion requirement. A defendant satisfies the exhaustion requirement "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

It appears from the record that this court has authority to consider modification of Defendant's sentence. Defendant requested relief from his warden on November 1, 2023, and the warden denied the request for relief on November 30, 2023. [Doc. 26-1 at 5]. The court is persuaded that Defendant has exhausted his administrative remedies. Accordingly, Defendant is entitled to move this court for relief.

The Tenth Circuit Court of Appeals reviewed the history and text of 18 U.S.C. § 3582(c)(1)(A)(i) and provided the following guidance to courts considering compassionate-release motions:

> Under the plain language of the statute, a district court may thus grant a motion for reduction of sentence, whether filed by the Director of the BOP or a defendant, only if three requirements are met: (1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable.

*United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021); *see also United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021). The Circuit further explained that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *McGee*, 992 F.3d at 1043 (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)); *see also United States v. Hald*, 8 F.4th 932, 942-43 (10th Cir. 2021) ("If the most convenient way for the district court to dispose of a motion for compassionate release is to reject it for failure to satisfy one of the steps, we see no benefit in requiring it to make the useless gesture of determining whether one of the other steps is satisfied.").

On November 1, 2023, the Sentencing Commission issued an applicable policy statement for compassionate-release motions filed directly by defendants with the courts. U.S.S.G.

§ 1B1.13(b), Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement). Under the policy statement, the Sentencing Commission has determined that "extraordinary and compelling reasons exist" if a defendant establishes any of the following circumstances or a combination thereof:

> (1) Medical Circumstances of the Defendant.--
> > (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> > (B) The defendant is--
> > > (i) suffering from a serious physical or medical condition,
> > > (ii) suffering from a serious functional or cognitive impairment, or
> > > (iii) experiencing deteriorating physical or mental health because of the aging process,
> > > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> > (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
> > (D) The defendant presents the following circumstances--
> > > (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
> > > (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
> > > (iii) such risk cannot be adequately mitigated in a timely manner.
> (2) Age of the Defendant.--The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
> (3) Family Circumstances of the Defendant.--
> > (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
> > (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
> > (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

>    (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.
>
> (4) Victim of Abuse.--The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:
>    (A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2) (including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim); or
>    (B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);
>    that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.
>    For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.
>
> (5) Other Reasons.--The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).
>
> (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(1)–(6).

The court does not find extraordinary and compelling reasons justifying release in the case at hand. Defendant is 64 years old. The medical records (covering 2023 and continuing through August of 2024) show that he suffers from, among other conditions, ASCVD-cardiovascular disease, knee pain, hyperlipidemia, essential (primary) hypertension, peripheral vascular disease, asthma, and GERD. [Doc. 23-1 at 5-6; Doc. 26-1 at 6-44; Doc. 39-1]. The records also show that

his conditions are stable and treated with medical devices and medications.[4] *Id*. Defendant does not appear to be suffering from a terminal illness, or a serious physical or medical condition that substantially diminishes his ability to provide self-care. *See* U.S.S.G. § 1B1.13(b)(1). Nor is the court persuaded that Defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which Defendant is at risk of serious deterioration in health or death. *Id*. The Government contends that "Defendant clearly has access to comprehensive healthcare" in the BOP, and that his complaints "result in frequent encounters with the medical staff and appear to be addressed in a thorough and professional manner." [Doc. 39 at 5]. The court agrees.

The court does not find extraordinary and compelling reasons warranting compassionate release under step one of the test adopted by the Tenth Circuit in *McGee*. As such, the court will not address whether the factors under 18 U.S.C. § 3553(a) support Defendant's request for compassionate release. Because one of the three prerequisites listed in § 3582(c)(1)(A) is lacking, the court does not need to address the others. *See McGee*, 992 F.3d at 1043.

Defendant adequately articulated his arguments for relief and his request for appointment of counsel is DENIED.[5] Defendant's motions for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) [Docs. 23 and 32] are DENIED.

It is so ordered this 9th day of December, 2024.

*Ronald A. White*
_____
THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA

---

[4] *See also* "Response to RIS [Reduction in Sentence] Request" signed by the Warden on November 30, 2023. [Doc. 26-1 at 5]. In the response to Defendant's RIS request, the Warden stated that "[a] review of your medical conditions by the Health Services Department noted your illnesses are not considered life-threatening, nor do you have a higher mortality rate, compared to your peers with similar health conditions." *Id*.

[5] There is no constitutional right to assistance of counsel in pursuing a § 3582 motion. *See United States v. Olden*, 296 Fed.Appx. 671, 674 (10th Cir. 2008) (unpublished); *see also Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) ("There is no constitutional right to counsel beyond the direct appeal of a criminal conviction . . . .").